*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0295p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 05-5241

JANELL CAGE,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 03-20454—Samuel H. Mays, Jr., District Judge.

Argued: March 16, 2006

Decided and Filed: August 15, 2006

Before: BATCHELDER, CLAY, and McKEAGUE, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Edwin A. Perry, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Camille R. McMullen, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** April R. Goode, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Camille R. McMullen, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

BATCHELDER, J., delivered the opinion of the court, in which McKEAGUE, J., joined. CLAY, J. (pp. 8-11), delivered a separate dissenting opinion.

---

**OPINION**

---

ALICE M. BATCHELDER, Circuit Judge. On November 25, 2003, a federal grand jury charged defendant-appellant, Janell Cage ("Cage"), with knowingly and with intent to defraud possessing fifteen access devices in violation of 18 U.S.C. § 1029(a)(2) and 18 U.S.C. § 3147(1). Cage pleaded guilty to Counts 1 and 2, and the district court sentenced her to 37 months in prison followed by two years of supervised release. At the sentencing hearing the court stated that a sentence that falls within the Guidelines range enjoys a presumption of reasonableness. The court sentenced Cage at the bottom of the recommended range. Cage filed this timely appeal challenging the district court's method of sentencing and the reasonableness of her sentence under *United States*

*v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). For the following reasons, we AFFIRM the district court's determination.

## I.

Janell Cage has a history of engaging in credit card and access device fraud. From December 2002 through May 2003, Cage used her position as a medical transcriptionist to access confidential information and fraudulently open new credit accounts. She submitted over 30 credit applications, withdrew cash advances, and purchased and insured motor vehicles. Cage admitted using her employment to obtain patients' names, dates of birth, and Social Security numbers that she then used to open and take over credit card accounts. Her victims' total losses from her conduct exceeded $132,000. Cage was indicted on June 30, 2003, on several fraud counts. She pleaded guilty to one count of access device fraud in violation of 18 U.S.C. § 1029 (a)(2), and was sentenced to 30 months in prison, followed by three years of supervised release. *See United States v. Janell Cage,* 134 Fed. Appx. 833, 834 (6th Cir. 2005). She appealed, and on May 13, 2005, her case was remanded for resentencing consistent with *Booker. Id.* at 838.

After she was indicted but before she was sentenced for those offenses, Cage again engaged in access device fraud. Between August and November 2003, Cage reactivated several patient accounts to run credit reports in order to take over credit card accounts or submit fraudulent applications. She fraudulently used credit cards in the names of Nadine King and Phyllis Wilkie to purchase merchandise in excess of $28,000, and used another patient's name to submit additional loan applications. A search of Cage's residence pursuant to a search warrant revealed more evidence of access device fraud and purchases made with fraudulent accounts. The total loss attributable to her conduct was $108,126.67.

On November 25, 2003, Cage was indicted for violating 18 U.S.C. § 1029(a)(2) and 18 U.S.C. § 3147(1), giving rise to the instant case. On September 29, 2004, Cage pleaded guilty to Counts 1 and 2 of the indictment and, on February 1, 2005, the district court sentenced her to 37 months in prison to run concurrently with her previous 30 month sentence, followed by two years of supervised release and restitution.

Cage's sentencing hearing was held on February 1, 2005. At the outset of the hearing, the district court recognized "that we are proceeding under the new regime, the post-*Booker* regime" whereby sentencing is discretionary and the court is obligated to "consider[] the Sentencing Guidelines and the Guideline ranges before the court does anything else." The court further stated:

> As a general proposition, I suspect the court will be sentencing in the Guidelines even though the sentencing Guidelines are no longer mandatory. Because one test of reasonableness is . . . whether the court has considered the Guidelines. But it does mean that the court can depart upward or downward under the same circumstances that it would have departed under the Guidelines. And it means that the court can move away from the Guidelines if the court thinks that that's necessary to impose a reasonable sentence.

The court explained that in light of *Booker* it could impose a Guidelines sentence, apply Guidelines standards under the exceptions provided in the Guidelines, or impose a non-Guidelines sentence. The district court indicated that any departure from the Guidelines would be pursuant to the factors prescribed in 18 U.S.C. § 3553(a).

Cage did not object to the underlying facts set forth in the pre-sentence report and, based on those facts, the district court properly calculated Cage's sentence under the Guidelines, finding that Cage's total offense level was 19, her criminal history category was 3, and the resulting Sentencing Guidelines range was 37 to 46 months. Cage requested a non-Guidelines sentence, asking the court

for a downward departure in consideration of her young children and family situation. The court acknowledged the presence of Cage's parents and small children, and heard testimony about the present family situation from Cage's husband. Nevertheless, the court declined to depart from the Guidelines.

After noting the tragedy of Cage's family situation, the court observed that such tragedy is a regular consequence of criminal conduct, and highlighted the devastating effect that Cage's conduct had on her victims and their families. The court added that the seriousness of Cage's continued criminal conduct, even after her initial arrest and prosecution, weighed against a downward departure from the Guidelines. The court explained:

> The first issue is whether the court should sentence in accordance with the Guidelines. And I believe the sentence under the Guidelines, considering all of the circumstances . . . in this case, will be reasonable. Under *Booker*, there is a presumption in favor of the Guidelines because the Guidelines express the public policy and the intention of Congress as to the court's authority of these matters and the considerations that the court should address. And I think that . . . a sentence under the Guidelines would be a reasonable sentence.

The court then sentenced Cage to 37 months of incarceration at a boot camp facility, if eligible, to run concurrently with her earlier 30 month term, followed by two years of supervised release, and ordered her to pay $45,052.32 in restitution.

## II.

After *United States v. Booker* invalidated the mandatory use of the Sentencing Guidelines and declared them "effectively advisory," the district court has been tasked with imposing "'a sentence sufficient, but not greater than necessary to comply with the purposes' of § 3553(a)(2)." *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006). We review such sentences for "reasonableness," and must affirm the district court's determination if it is reasonable. *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005). A sentence is unreasonable if the sentencing court fails to consider the applicable Guideline range or neglects the factors articulated in 18 U.S.C. § 3553(a).[1] *See United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005).

---

[1]Title 18 U.S.C. 3553(a) requires the sentencing court to consider the following factors in determining a reasonable sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for–
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
> (5) any pertinent policy statement . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

Cage contends that the court applied an "erroneous method" in determining her sentence, which rendered it unreasonable under *Booker*. She argues that the district court erred in affording the Sentencing Guidelines range a presumption of reasonableness when it asserted *inter alia* that "there is a presumption in favor of the Guidelines because the Guidelines express the public policy and intention of Congress . . . ." She suggests that the court failed to integrate the § 3553 statutory factors properly as required by *Booker* because it mistakenly focused on what it believed would be a reasonable sentence within the Guidelines range.

Cage presents the same argument raised and addressed in *United States v. Williams*, 436 F.3d 706 (6th Cir. 2006), and her claim is foreclosed. In *Williams*, we joined with several of our sister circuits in "articulat[ing] what weight should be accorded the Guidelines relative to the other sentencing factors listed in § 3553(a)."[2] *Williams*, 436 F.3d at 707-08. In that case, "the district court determined that 'the advisory nature of the guidelines leads the court to conclude that this range of sentences . . . is a reasonable range.' Williams argues from this that the district court improperly presumed the Guidelines range to be reasonable." *Id*. at 708. Cage raises this same concern, arguing first that the district court erred in beginning with the presumption that the Guidelines are reasonable, and second, that the court failed to indicate that it was considering any of the other factors listed in § 3553(a). Here, as did the defendant in *Williams*, Cage suggests that because the district court presumed the Guidelines range to be reasonable, she was deprived of the proper integration of the § 3553(a) statutory factors. *Id.* at 707. We are not persuaded, and we reaffirm our position in *Williams* "crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness." *Id.* at 708. *Williams* is controlling, and Cage's claims lack merit.

We pause to make two observations. First, in *United States v. Foreman*, we recently suggested in dicta that *Williams'* statement regarding the Guidelines' rebuttable presumption of reasonableness was "rather unimportant" even though it seems to "imply some sort of elevated stature to the Guidelines . . . ." *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). *Foreman* observed that "*Williams* does not mean that a Guidelines sentence will be found reasonable in the absence of evidence in the record that the district court considered all of the relevant section 3553(a) factors." *Id.* Lest there be some confusion on this point, we note that as *Foreman* properly explained, "*Williams* does not mean that a sentence within the Guidelines is reasonable if there is no evidence that the district court followed its statutory mandate to 'impose a sentence sufficient, but not greater than necessary' to comply with the purposes of sentencing in section 3553(a)(2)." *Id.* Indeed, the district court must still provide sufficient evidence of its consideration of the relevant § 3553 factors to allow for a reasonable appellate review. *See United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005). However, nothing in *Foreman* should be construed to suggest that a sentencing court errs by recognizing that this Circuit will accord a presumption of reasonableness to a sentence within the recommended Guidelines range.

We think it is important to emphasize here that the district court's recognition of the standard that this court will apply on appellate review is not coterminous with the district court's exercise of independent judgment in determining a sentence. We decline to conclude that by using the term "reasonable" or by acknowledging that the appellate court will apply a rebuttable presumption of reasonableness to a sentence, the district court is itself applying that presumption. As we have repeatedly said, the presumption is rebuttable, and we may find that it has been rebutted in a case in which the record fails to reflect that the district court considered the requisite factors in imposing sentence. We therefore do not share the view expressed in footnote 3 of the dissent that there is

---

[2] *See*, *e.g.*, *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam); *United States v. Green*, 436 F.3d 449, 457 (4th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005); *United States v. Lincoln*, 413 F.3d 716 (8th Cir. 2005).

"very little difference between saying that a Guidelines sentence is presumptively reasonable versus *per se* reasonable." A rebuttable presumption is, by definition, subject to rebuttal, while a sentence that is *per se* reasonable is not.

Second, although ancillary to our decision in this case, we are mindful of the ongoing discussion among the circuit courts since our decision in *Williams* as to whether *Booker* accords the Guidelines a presumption of reasonableness. *See*, *e.g.*, *United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006) (en banc) ("[a]lthough making the guidelines 'presumptive' or 'per se reasonable' does not make them mandatory, it tends in that direction . . . ."); *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("declin[ing] to establish any presumption, rebuttable or otherwise, that a Guidelines sentence is reasonable"); *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (observing that sentences correctly calculated under the Guidelines are "entitled to a rebuttable presumption of reasonableness on appeal"); *United States v. Lewis*, 436 F.3d 939, 946 (8th Cir. 2006) ("[A] sentence falling within the applicable guideline range is presumptively reasonable."). In particular, we note the recent deliberations of the Ninth Circuit and the Fourth Circuit in *United States v. Zavala*, 443 F.3d 1165 (9th Cir. 2006), and *United States v. Johnson*, 445 F.3d 339 (4th Cir. 2006), respectively.

In *Zavala*, the Ninth Circuit discussed the relative weight of the Sentencing Guidelines and the spectrum of latent meanings lurking in the word "presumption." *Zavala* then rejected any attempt by the district courts to endow the Guidelines with what the court called a "mandatory rebuttable presumption." *Zavala*, 443 F.3d at 1169-70. *Zavala* emphasized the difference between the district court's appropriately using the Guidelines as a "starting point," and the court's awarding "particular weight to the thing presumed," and determined that "[i]f a district court presumed that the sentence should be a Guideline range sentence, it would thereby make it much more than something to be consulted and would give it much heavier weight than § 3553(a) now does." *Id.* at 1169. The Ninth Circuit thus concluded that such additional weight is improper after *Booker* because "[n]othing in 18 U.S.C. § 3553 . . . indicates that the Guidelines are to be given any greater weight than their fellow sentencing factors." *Id.* at 1171. Significantly, however, *Zavala* did not confront the question of "whether a reviewing court should entertain a presumption that a sentencing decision which does fall within the Guideline range is reasonable." *Id.* at 1168. Moreover, the court recognized that it had "not yet opined on that question, and will not do so now." *Id* at 1169.

By contrast, we have already answered this question and credited the Guidelines with a rebuttable presumption of reasonableness. To be sure, our appellate review looks to the reasonableness of the sentence taken as a whole, while the district court must follow its mandate to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of § 3553. *Foreman*, 436 F.3d at 644. However, unlike the Ninth Circuit, we have granted the Guidelines a rebuttable presumption of reasonableness in accord with *Booker*, and although sentencing courts must demonstrate their consideration of the relevant § 3553 factors in order to allow for a reasonable appellate review, those courts do not err in recognizing that presumption.

The Fourth Circuit's discussion in *Johnson* bolsters our position. *Johnson* reiterated the Fourth Circuit's conclusion that "a sentence within the proper advisory Guidelines range is presumptively reasonable," and then explored three justifications for this. *Johnson*, 445 F.3d at 341. First, Guidelines sentences are presumptively reasonable in light of the extensive legislative and administrative process that birthed them. As *Johnson* surmises, "[i]t would be an oddity, to say the least, if a sentence imposed pursuant to this congressionally sanctioned and periodically superintended process was not presumptively reasonable." *Id.* at 342. Second, and we consider this most persuasive, the Guidelines already incorporate the § 3553(a) factors as "Congress in fact instructed the [Sentencing] Commission to take these § 3553(a) factors into account when constructing the Guidelines." *Id.* at 343. *See* 28 U.S.C. §§ 991(b)(1)(A), (b)(2); 994(a)(2), (b)(1), (g), (m). "[B]y devising a recommended sentencing range for every type of misconduct and every

level of criminal history, the Guidelines as a whole embrace 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id.* (quoting 18 U.S.C. § 3553(a)(6)). Indeed, as *Johnson* elaborates:

> The § 3553(a) factors are built into the Guidelines in other ways as well. The offense levels and criminal history categories squarely address "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C.A. § 3553(a)(1). The various adjustments and enhancements bear upon the need for the sentence "to reflect the seriousness of the offense . . . and to provide just punishment." *Id.* § 3553(a)(2)(A). And the elevated criminal history categories for repeat offenders and career criminals reflect the congressional intention "to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B) and "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

*Id.* Third, *Johnson* considered the Guidelines sentences presumptively reasonable because "such sentences are based on individualized factfinding and this factfinding takes place in a process that invites defendants to raise objections and requires courts to resolve them." *Id.*

In light of our holding in *Williams*, and being persuaded that even after *Booker* "the Guidelines are not something separate and apart from Congress's objectives in § 3553(a)," *Johnson*, 445 F.3d at 343, we hold with regard to Cage that the district court did not err in viewing the Guidelines as a presumptively reasonable starting point and "considering the Sentencing Guidelines and the Guideline ranges before the court does anything else." As we explicitly stated in *Williams*, "[s]uch a presumption comports with the Supreme Court's remedial decision in *Booker*." *Williams*, 436 F.3d at 708. Thus, the district court's statement that the Guidelines were presumptively reasonable does not support the claim that the court's method of sentencing violated *Booker* or improperly weighed the Guidelines in relation to the other factors.

This leads to Cage's second contention. Cage argues that the district court failed to explicate its consideration of the statutory factors. This Court has made clear that in reviewing the § 3553 factors, we have "never required the 'ritual incantation' of the factors to affirm a sentence." *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005). As we have explained, "[t]he court need not recite these factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005). Here, the district court acknowledged that it was proceeding under the post-*Booker* regime and that it must consider the advisory Guidelines range as well as the § 3553(a) factors. The court reasoned that sentencing within the Guidelines range would be reasonable based upon its experience with post-*Booker* sentencing and the circumstances of this case, but then acknowledged that it could depart from the Guidelines if necessary in order to impose a reasonable sentence. The court went on to review and consider the presentence report, the recommended Guidelines range, and Cage's request for a downward departure from the Guidelines in light of her family's hardship. Ultimately, the court declined to depart from the Guidelines range after expressly commenting on the seriousness of Cage's continuing criminal conduct even after her prior prosecution for similar fraud. The court stated that after considering all of the circumstances of the offense and the history and characteristics of the defendant, as well as adequate deterrence of criminal conduct, it had determined that the Guidelines provided a reasonable sentencing range.

Thus, here, as in *Williams*, the district court adequately articulated its reasoning so as to allow reasonable appellate review, and arrived at a reasonable sentence in keeping with the mandates of § 3553. A rote recitation of the statutory factors is unnecessary and the court appropriately acknowledged the statutory factors along with the Guidelines and sentenced Cage accordingly. *United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006) ("The district court need not explicitly reference each of the § 3553(a) factors in its sentencing determination."); *see also United*

*States v. Willis*, 2006 WL 1043937 (6th Cir. (Tenn.)) (unpublished) (affirming a district court's Guidelines sentence that used the Guidelines as a "starting point" and then discussed the statutory factors without explicitly referencing them).

Finally, in reviewing the reasonableness of the court's sentence, we note that Cage has failed to identify a single factor that might support her claim that her sentence of 37 months in prison is unreasonable under the circumstances. Indeed, in requesting a downward departure, Cage has pointed only to her family's hardship and the record indicates that the court fully considered the effect of Cage's sentence on her family before lamenting that tragic consequences are often born of criminal behavior. In sum, although the district court's discussion of the § 3553(a) factors was not lengthy, it was adequate for an appellate review for reasonableness.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

**DISSENT**

---

CLAY, Circuit Judge, dissenting. The majority opinion in this case represents the latest step in an ongoing push within this Circuit to subvert *United States v. Booker,* 543 U.S. 220 (2005), and to make the sentencing Guidelines *de facto* mandatory. This Court took its first major step in this direction when it purportedly held in *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), that on appeal, this Circuit would now credit sentences "properly calculated under the Guidelines with a rebuttable presumption of reasonableness." While the *Williams* Court erred in the first instance by holding that a sentence within the Guidelines range is presumptively reasonable on appeal, the majority has now alarmingly compounded that error by holding that *district courts* may consider a sentence within the Guidelines range to be presumptively reasonable.[1] The majority's holding in this case directly contravenes *Booker*, 18 U.S.C. §3553(a), and this Court's prior holdings that district courts are to consider *all* the §3553(a) factors in arriving at a sentence sufficient to, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

In excising "the provision [of the Sentencing Guidelines] that require[d] sentencing courts to impose a sentence within the applicable Guidelines range (in the absence of circumstances that justify a departure)," *Booker*, 543 U.S. at 259, the *Booker* Court left intact § 3553(a), which requires that district courts "take account of the Guidelines together with other sentencing goals" of § 3553(a) in order to arrive at the appropriate sentence for each individual defendant. *Id.* After providing the district courts with guidance on how to determine what sentence to impose, the Supreme Court went on to state that sentencing decisions are appealable regardless of whether the sentence falls within or outside the applicable Guidelines range; and that the appellate courts are to review those sentences for "unreasonableness." *Id.* at 261. *Booker* further instructs that the courts of appeals, in reviewing sentences imposed by the district courts, are to be guided by the same § 3553(a) factors that the district courts are required to consider in determining what sentence to impose on the defendant. *Id.*

By making the Sentencing Guidelines advisory rather than mandatory, the Supreme Court made clear that its purpose was to remedy the constitutional problems created by the mandatory system, and yet to also "continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary." *Id.* at 264-65 (citing 28 U.S.C. § 991(b)). In so doing, the Supreme Court recognized that the system it created would involve greater exercise of discretion by district courts and a greater range of sentencing than a mandatory Guidelines system. *Booker*, 543 U.S. at 263. Nevertheless, the Supreme Court concluded that such a system was required in light of *Booker*'s holding on the merits. *Id.* The plain statutory language of what remains of the Sentencing Reform Act after *Booker* places the advisory Guidelines range as one factor amongst several that district courts are to consider in arriving at an appropriate sentence. *See* 18 U.S.C. § 3553(a). Nothing in the text of the § 3553(a) elevates the now-advisory Guidelines sentence above other factors or permits the district court to "presume" that the advisory sentence would be reasonable for an individual defendant.

---

[1] The step the majority takes today would not appear to be embraced by even all members of this Court who accept the *Williams'* rebuttable presumption of reasonableness for Guidelines-range sentences on appeal. *See United States v. Buchanan*, 449 F.3d 731, 740 (6th Cir. 2006) (Sutton, J., concurring) (noting that "[r]easonableness is an *appellate* standard of review") (emphasis in original).

Instructing district courts that they are allowed to consider a within-Guidelines sentence to be presumptively reasonable discourages district courts from exercising the discretion which *Booker* holds is required, and has the practical effect of making the Guidelines *de facto* mandatory. First, a presumption of reasonableness in the sentencing court imposes upon the defendant the undue burden of having to justify a departure from the Guidelines range. *See United States v. Webb*, 403 F.3d 373, 385 n.9 (6th Cir. 2005) ("[W]e also decline to hold that a sentence within a proper Guidelines range is per-se reasonable[2]. Such a *per-se* test is not only inconsistent with the meaning of 'reasonableness,' but is also inconsistent with the Supreme Court's decision in *Booker*, as such a standard would effectively re-institute mandatory adherence to the Guidelines."). Second, a presumption of reasonableness on appeal unduly pressures the district court to sentence within the Guidelines range in order to discourage review and avoid reversal. Third, and most importantly, a presumption of reasonableness improperly elevates the Guidelines above the other § 3553(a) factors.

The district court's job is not to start with a Guidelines sentence and then decide whether a departure is warranted. While it is true that the Guidelines are the only sentencing factor which produces a number for the district court's consideration, this is not, however, the only number before the district court. All sentences begin and end within the statutory sentencing range for the crime of conviction. It is therefore the statutory sentencing range which serves as the district court's point of departure as the district court tailors a defendant's sentence in accordance with § 3553(a).

Even were the Guidelines range a "starting point" within the statutory minimum and maximum for the crime of conviction, there is a difference between using the Guidelines as a "starting point," and considering a Guidelines sentence to be"presumptively reasonable," as the Ninth Circuit has already observed. *See United States v. Zavala*, 443 F.3d 1165, 1169 (9th Cir. 2006). The *Zavala* Court provides excellent perspective on the issue:

> In this area, were a presumption proper, we suppose it would be a mandatory rebuttable presumption. But even that is more than a mere starting point because it gives a particular weight to the thing presumed. It would indicate that the Guideline range *is* to be used unless (by some evidentiary standard) a party can prove the contrary. That is much more than a mere consult for advice, and the Guidelines are to be no more than that. If a district court presumed that the sentence should be a Guideline range sentence, it would thereby make it much more than something to be consulted and would give it much heavier weight than § 3553(a) now does. That leaves it as a factor in the sentencing alchemy . . . Simply put, a presumption at the district court would give undue weight to the Guidelines. The dangers averted by declaring them to be merely advisory would become recrudescent.

*Zavala*, 443 F.3d at 1169, 1170 (citations and quotations omitted); *see also United States v. Jiménez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006) (*en banc*) (reasoning that although making the Guidelines "presumptive" or "per se reasonable" does not make them mandatory, "it tends in that direction"); *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("We [] decline to establish any presumption, rebuttable or otherwise, that a Guidelines sentence is reasonable."); *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006) (declining to adopt a rule that a sentence within the Guidelines is *per se* reasonable because such a finding "would come close to restoring the mandatory nature of the guidelines excised in *Booker*").

---

[2]I also question whether the rebuttable presumption language in *Williams* should be considered to be binding on this Court given the fact that the *Webb* Court had already stated that it declined to hold that a sentence within the Guidelines range is *per se* reasonable. Although the terminology is different, in reality I see very little real difference between saying that a Guidelines sentence is presumptively reasonable versus *per se* reasonable.

I recognize that the Guidelines represent considerable research and insight into the actual sentencing practices of the judiciary. I also credit the Guidelines with producing a sentence which would be reasonable upon appeal given an "average" defendant with the background and offense circumstances in an average defendant's position. Yet, an "average" defendant is a mathematical amalgamation which does not exist in real life, and a "presumption" of reasonableness in the trial court or on appeal leads courts to overly rely on the rather broad generalizations inherent in the Guidelines. In sentencing, the district court is not tasked with fashioning a sentence for an *average* defendant; the court must determine an appropriate sentence for the *individual* defendant before it.

Rather than presuming that a sentence within the Guidelines range is reasonable for an individual defendant before it, the district court is instead obligated to follow the sentencing procedure that is provided by *Booker* and 18 U.S.C. § 3553(a), and should: (1) calculate the appropriate advisory Guidelines sentencing range; (2) consider the other § 3553(a) factors, including the nature and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the crime, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public from future crimes by the defendant, and to provide the defendant with needed educational/vocational training, medical care or correctional treatment; and (3) impose a sentence "sufficient to but not greater than necessary, to comply with the purposes" of § 3553(a), and which falls within the statutory minimum and maximum sentence for the crime of conviction. *See Webb*, 403 F.3d at 383 (stating that we may find a district court sentence to be unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider the other § 3553(a) factors); *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005) ("[D]istrict courts are required to consider the applicable Guidelines sentencing range when arriving at a defendant's sentence [] but only as one factor of several laid out in § 3553(a)."); *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006) (rejecting the notion that a sentence within the applicable Guidelines range would be presumptively reasonable absent evidence on the record that the district court considered the other § 3553(a) factors); *see also Fernandez*, 443 F.3d at 26 ("[T]he now-advisory Guidelines are to be considered, together with the other factors set forth in 18 U.S.C. § 3553(a), by judges fashioning sentences."); *Cooper*, 437 F.3d at 329 ("The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors.").

It is also crucially important that the district court articulate on the record its reasons for imposing a particular sentence. Our review of the sentence imposed by the district court is not limited to a consideration of the length of the sentence; rather, *Booker* instructs that in determining reasonableness, we are also to consider "the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *United States v. Morris*, 448 F.3d 929, 931 (6th Cir. 2006) (Clay, J., concurring). We may therefore conclude that a sentence is "unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Id.* (citing *Webb*, 403 F.3d at 383); *Jackson*, 408 F.3d at 305.

In the post-*Booker* world, the district courts enjoy enhanced discretion in fashioning appropriate sentences. It is, as a consequence, more difficult in this new era to say that any particular sentence within the statutory range for the crime of conviction would be *substantively* unreasonable. Our review for *procedural* reasonableness therefore takes on new importance. This Court must be able to determine what methods were employed and which factors were considered by the sentencing court, and we cannot do so unless "the district court in each case [] communicate[s] clearly its rationale for imposing the specific sentence." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006); *Jackson*, 408 F.3d at 305 ("[P]ursuant to *Booker*, we as an appellate court must still have the articulation of the reasons the district court reached the sentence ultimately imposed, as required by 18 U.S.C. § 3553(c)."); *Morris*, 448 F.3d at 932 (Clay, J., concurring) (cautioning that the rebuttable presumption of reasonableness language "does not

relieve the district court of the obligation to consider other relevant statutory factors or sufficiently articulate its reasoning so as to permit reasonable appellate review").

In light of all these considerations, I would find in the present case that Defendant's sentence is in fact unreasonable. The majority incorrectly holds that the district court did not violate *Booker* in sentencing Defendant, but the record reveals that the district court made significant mistakes in the method it employed in sentencing Defendant. First of all, the district court utilized an incorrect standard for determining what sentence to impose on Defendant. The district court, rather than imposing a sentence that complied with the purposes set forth in § 3553(a), instead repeatedly stated that it was imposing a sentence within the Guidelines because it considered such a sentence to be "reasonable." The district court's remarks about "reasonableness" reveal that in sentencing Defendant, the district court misapprehended its role. It is not the district court's job to assume the reasonableness of a Guidelines sentence; rather, as previously noted by this Court, "[r]easonableness is the *appellate* standard of review in judging whether a district court has accomplished its task." *Foreman*, 436 F.3d at 644 n. 1 (emphasis in the original). Defendant should have been given a sentence sufficient to, but not greater than that required, to comply with the § 3553(a) factors, not a sentence that the district court considered to be "reasonable" for ill-defined reasons.

The district court also erred in stating that it was its obligation under *Booker* to "consider[] the sentencing guidelines and the guideline ranges before [he did] anything else," and to consider them to be presumptively reasonable. The majority incorrectly holds that the district court did not err in viewing the Guidelines as a presumptively reasonable starting point. Although the majority attempts to surreptitiously merge the circumstances of *Williams* with this case, it must be reiterated that *Williams* does not stand for the proposition that a district court may assume a sentence within the applicable Guidelines range to be presumptively reasonable. Rather, the *Williams* Court specifically held that on appeal, this Court may consider a sentence within the Guidelines range to be presumptively reasonable. It did not apply the "presumptive reasonableness" standard to the district court, as does the majority here.

The facts of this case reveal that the district court, operating under an erroneous reasonableness standard, viewed the Guidelines as presumptively reasonable, and as a consequence, failed to properly consider the other § 3553(a) factors as required. The district court stated that it would impose a Guidelines sentence, and was willing to "move away from the Guidelines" only if it thought departure was necessary to impose a "reasonable" sentence. According to the district court, if it decided to impose a non-Guidelines sentence, it would do so because the court was "following the Congressional Mandates of Section 3553." (J.A. at 22.) This method of calculating Defendant's sentence violated *Booker* in that the district court mistakenly believed that it was required to start with a Guidelines sentence and could only depart upward or downward if some other § 3553(a) factor, or combination thereof, compelled a departure. That is not now, nor has it ever been, this Court's understanding or treatment of the Guidelines post-*Booker*. The law of this Circuit has been quite clear that post-*Booker*, district courts are required to consider the applicable Guidelines sentencing range when arriving at a defendant's sentence, along with the factors set out in § 3553(a). The district court's sentencing method in this case improperly elevated the Guidelines above the § 3553(a) factors, and deprived Defendant of the right to have those factors weighed alongside the Guidelines.

As a result of the district court's application of an erroneous standard and method of computing Defendant's sentence, and lack of proper consideration of the § 3553(a) factors, I believe that we are unable to say that Defendant's sentence was reasonable. I would therefore vacate Defendant's sentence and remand this case back to the district court for a new sentencing hearing.