NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0746n.06
Filed: October 10, 2006

No. 05-2129

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT COURT |
| v. | ) | FOR THE EASTERN DISTRICT |
| | ) | OF MICHIGAN |
| ANDRE TERRELL WASHINGTON, | ) | |
| | ) | |
| Defendant-Appellant, | ) | |

BEFORE: BOGGS, Chief Judge, BATCHELDER, Circuit Judge; and BELL, District Judge.*

PER CURIAM. Defendant Andre Terrell Washington appeals his sentence for gun and drug violations based upon his contention that the sentence was imposed without proper consideration of the factors set forth in 18 U.S.C. § 3553(a), as required by *United States v. Booker*, 543 U.S. 220 (2005). Because we find that Washington's sentence was not unreasonable, we affirm.

---

*The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

## I.

Washington entered a plea of guilty to one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), one count of carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The sentencing guideline range for counts one and three was 21 to 27 months imprisonment. Count two carried a mandatory 5-year consecutive sentence. 18 U.S.C. § 924(c)(1)(A)(i). Washington moved for a downward departure from the sentencing guideline range. It was his contention that criminal history category IV over-represented his criminal history because his prior convictions were not serious and the present case only involved a very small amount of marijuana. He also contended that a downward departure was warranted because of his medical history of dislocated hips and his need for surgery to repair or replace steel pins in his hips that were causing him extreme pain.

The district court addressed both factors raised by Washington and declined to grant a departure from the sentencing guideline range. The district court determined that "the criminal history adequately describes his criminal behavior, and with respect to the health issues, actually, I'm confident that he will get adequate health care in the prison system, and I will order that he be placed in a medical facility to be sure that that happened." Sent. Tr. at 10.

The district court then concluded that a sentence within the guideline range was reasonable:

> I believe that the guidelines of 21 to 27 months on Count 1 and 3 are reasonable, not only of the guidelines, but under the factors contained under 18 U.S.C. § 3553(a). I don't see anything in those factors which would cause me to go outside the guideline range. I do think that the bottom of that 21 to 27 months is adequate since he faces a mandatory five years consecutive . . .

> So on Counts 1 and 3 of the indictment, pursuant to the Sentencing Reform Act of 1984, the Court, considering the sentencing guidelines and factors contained in 18 U.S.C. Section 3553(a) hereby sentences the defendant to a term of 21 months custody . . . .

Sent. Tr. at 10.

The district court sentenced Washington to concurrent 21-month terms of imprisonment for counts one and three, a consecutive 60-month term of imprisonment for count two, four years supervised release for counts one and two, and three years supervised release for count three, to run concurrently.

On appeal, Washington contends that his sentence was imposed without proper consideration of the factors set forth in 18 U.S.C. § 3553(a). He contends that the district court gave excess weight to the advisory guideline range and did not consider all § 3553(a) factors equally.

**II.**

In the aftermath of *United States v. Booker*, 543 U.S. 220 (2005), sentencing courts are required to "calculate the Guideline range as they would have done prior to *Booker*, but then sentence defendants by taking into account all of the relevant factors of 18 U.S.C. § 3553, as well as the Guidelines range." *United States v. Stone*, 432 F.3d 651, 655 (6th Cir. 2005). When a defendant challenges his sentence, *Booker* instructs us to determine whether

the sentence is unreasonable. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (citing *Booker*, 543 U.S. at 261). "[W]e may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Id.* (footnote omitted) (citing *Booker*, 543 U.S. at 245-46).

A sentence that falls within the advisory Guideline range is entitled to a "rebuttable presumption of reasonableness." *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). "This rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence." *United States v. Hernandez-Fierros*, 453 F.3d 309, 312 (6th Cir. 2006) (quoting *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006)). Nevertheless, a district court "need not recite these [§ 3553(a)] factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *Id.* at 312 (quoting *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005)).

Because Washington's sentence at the low end of the Guideline range is presumed reasonable, he bears the burden of rebutting the presumption of reasonableness by showing that the sentence is inconsistent with the § 3553(a) sentencing factors. *See United States v. Blue*, 453 F.3d 948, 952 (7th Cir. 2006); *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Although Washington contends that the district court gave insufficient weight to the § 3553(a) factors, he has not identified which § 3553(a) factors were not considered, nor has he explained how consideration of any particular § 3553(a) factor would have resulted in a lower sentence on counts one and three. He simply argues that his sentence of 60 months' imprisonment for the possession of a firearm during a drug trafficking offense is sufficient for the combined harm of all three offenses, and that the sentence of 21 months for counts one and three is unreasonable because it is greater than necessary to comply with the purposes of sentencing set forth in § 3553(a).

The district court considered and rejected Washington's contention that he should be granted a downward departure for an overstated criminal history, health problems, and the small amount of marijuana at issue. The district court further explained that there was nothing in the § 3553(a) factors that would cause her to go outside the guideline range. While the district court did not specifically list the § 3553(a) factors, the court's overall reasoning reflects that it considered each relevant § 3553(a) factor. *See United States v. Cage*, 458 F.3d 537, 543 (6th Cir. 2006) (holding that district court did not err in viewing Guidelines as a "presumptively reasonable starting point" before considering statutory factors). We conclude that the district court appropriately took into account the relevant statutory factors as well as the Guideline range and adequately articulated its reasoning so as to allow our review for reasonableness.

Finally, we reject Washington's contention that it was unreasonable for the district court to consider a sentence for counts one and three separately from the mandatory

consecutive sentence for count two. Congress has directed that defendants who are convicted of carrying a firearm during a drug trafficking offense "shall, **in addition to** the punishment provided for such . . . . drug trafficking crime" be sentenced to a term of imprisonment of not less than five years. 18 U.S.C. § 924(c)(1)(A) (emphasis added). Under Washington's argument, "the punishment provided" for his drug crimes would be zero, and thus the mandate of the statute that the firearms charge carry a punishment that is "in addition to" the appropriate punishment for the drug crime would not be fulfilled.

Based upon the record presented, we conclude that Washington's sentence was carefully deliberated, and that it was not unreasonable.

### III.

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.