**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0870n.06
Filed: December 1, 2006

**No. 05-2515**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| ) | THE WESTERN DISTRICT OF |
| JESSE LEE WALKER, ) | MICHIGAN |
| ) | |
| Defendant-Appellant. ) | |

Before: SILER and CLAY, Circuit Judges; STAFFORD, District Judge[*]

**SILER**, Circuit Judge. Defendant Jesse Lee Walker appeals his 156-month sentence for

bank robbery in violation of 18 U.S.C. § 2113(a) on the bases that the district court erred by holding

that a sentence imposed pursuant to the United States Sentencing Guidelines (USSG) is

presumptively reasonable, by failing to address the 18 U.S.C. § 3553(a) sentencing factors, and by

imposing a sentence that was unreasonable. Because Walker's arguments lack merit, his sentence

is **AFFIRMED.**

**I. BACKGROUND**

Walker pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a), and the

district court sentenced him to 156 months in prison. At the time of sentencing, Walker was 51 years

---

[*]The Honorable William H. Stafford, United States District Judge for the Northern District
of Florida, sitting by designation.

old and was a drug addict. He had numerous personal problems, including a history of neglect by his mother. He also had a criminal history that began at age 14, including one conviction for armed robbery and two other bank robbery convictions. The district court determined Walker's USSG range was 151-188 months based on an adjusted offense level of 29 and a criminal history category of VI.

## II. DISCUSSION

We review the district court's sentence for reasonableness. *See United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005). A sentence that is properly calculated under the USSG carries a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

### 1. Whether the District Court Accorded Too Much Weight to the Sentencing Guidelines

Walker argues that the district court violated *United States v. Booker*, 543 U.S. 220, 258 (2005), when it used the Guidelines as a "presumptive sentencing tool." In *Williams*, 436 F.3d at 707, we rejected the argument that the "district court presumed the Guidelines range to be reasonable, and that this presumption deprived [defendant] of a proper integration of the statutory factors found in 18 U.S.C. § 3553(a)." Here, the fact that the district judge used the USSG as a "presumptive tool" does not imply that he gave the Guidelines undue weight because he recognized his ability to depart from the USSG and only used them as one of a number of considerations in reaching the sentence. Thus, Walker's argument fails.

### 2. Whether the District Court Properly Discussed the § 3553(a) Factors

Walker contends that the district court did not adequately state the grounds for imposing the sentence in accordance with § 3553(a) because it did not properly consider his history of drug abuse,

age, and personal problems . He relies on *United States v. Cunningham,* 429 F.3d 673, 679 (7th Cir. 2005)*,* where the court held that "[a] rote statement that the judge considered all the relevant factors will not always suffice" to justify the sentence. In *Cunningham*, however, the trial court "passed over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion." *Id.* Here, the district court did consider Walker's drug abuse, age, and personal problems and determined that those factors helped justify a sentence at the bottom of the range. The court need not have specifically mentioned each § 3553 factor. *See United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006).

**3. Whether Walker's Sentence Was Reasonable Based On His Circumstances**

The district court sentenced Walker to the bottom of the USSG range based upon his violent past and his likely future behavior. Walker also claims that because of his age he is less likely to commit future crimes than a younger offender would be. Yet, Walker committed this crime within a year of his release on parole for bank robbery. He now claims that his age should be a factor for a reduced sentence, but his recent crime establishes his capability of recidivism.

Additionally, Walker argues that the trial court did not give proper weight to his argument that the non-career offender Guideline range was more reasonable than the career offender range. In fact, the court recognized Walker's long criminal history and reasonably determined that the career offender Guidelines were more appropriate.

**AFFIRMED.**

No. 05-2515
United States v. Walker

**CLAY, Circuit Judge, concurring**.    I concur.  In light of his reliance on the factors set forth in 18 U.S.C. § 3553(a) at sentencing and his clear indication that he could "go above, beyond, or anywhere [he wanted] from the guidelines," the district court judge's statement that he "used the guidelines as a presumptive sentencing tool" does not render Defendant's sentence unreasonable. However, I write separately to note that such language is to be avoided inasmuch as district courts in sentencing should not treat the Guidelines range as presumptively reasonable, even if this Court affords Guidelines sentences a rebuttable presumption of reasonableness.  *See United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006) ("This rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence."); *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("[A] district court's job is not to impose a "reasonable" sentence.  Rather, . . . [r]easonableness is the *appellate* standard of review in judging whether a district court accomplished its task."); *United States v. Cage*, 458 F.3d 537, 548 (6th Cir. 2006) (Clay, J., dissenting) ("It is not the district court's job to assume the reasonableness of a Guidelines sentence.").  Rather, the district court should consider the advisory Guidelines range "as one factor of several laid out in § 3553(a)." *United States v. Johnson*, 467 F.3d 559, 563 (6th Cir. 2006) (citing *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005)) (internal quotations omitted).