NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0063n.06
Filed: January 25, 2007

No. 06-1006

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| DONALD GARDNER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:     KEITH, and CLAY, Circuit Judges; MAYS, District Judge.[*]

**DAMON J. KEITH, Circuit Judge.**   This matter is on appeal for the second time.  On the first occasion, Defendant, Donald Gardner, appealed his convictions following his pleas of guilty to possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On January 20, 2004, Gardner was sentenced to a term of imprisonment of 210 months on the drug charge and 120 months on the firearm charge, to run concurrently.  A prior panel of this Court affirmed Gardner's convictions, but vacated and remanded his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005).  *See United States v. Gardner*, 417 F.3d 541 (6th Cir. 2005).  On  remand, the district court resentenced Gardner to the same concurrent terms of imprisonment.  For the second time, Gardner appeals to this Court to set aside his sentence as "unreasonable" under *Booker*.

---

[*] The Honorable Samuel H. Mays, Jr., United States District Court for the Western District of Tennessee, sitting by designation.

As an appellate court, we review Gardner's sentence for "reasonableness." *See, e.g.*, *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005). "A sentence is unreasonable if the sentencing court fails to consider the applicable Guideline range or neglects the factors articulated in 18 U.S.C. § 3553(a)." *United States v. Cage*, 458 F.3d 537, 540 (6th Cir. 2006). Where a sentence falls within the United States Sentencing Guidelines' advisory range, this Court affords the sentence a "rebuttable presumption of reasonableness."[1] *See id.* at 541-544. However, "[t]his rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons [under § 3553(a)] for imposing a particular sentence." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). Ultimately, "[t]his assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable." *Id.*

Applying these principles to this case, we find that the rebuttable presumption of reasonableness applies to Gardner's sentence. Foremost, his sentence of 210 months is at the bottom of the advisory Guideline range of 210 to 262 months. Equally significant is the district court's well-reasoned explanation for the specific sentence it chose to impose. For instance, in its colloquy with Gardner's counsel, the court reasoned that "your client's major problem here is,

---

[1] On October 13, 2006, this Court granted *en banc* review in *United States v. Vonner*, 452 F.3d 560 (6th Cir. 2006), to explore this Court's approach to post-*Booker* reasonableness review. The Supreme Court has also agreed to decide whether a criminal sentence within the Guidelines range is reasonable, whether such a sentence may be presumed to be reasonable, and whether such a sentence may be imposed without full analysis of factors that might justify a lesser sentence by the sentencing judge. *See United States v. Rita*, 177 F. App'x 357 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W. 3246 (U.S. Nov. 3, 2006) (No. 06-5754)

you know, not just his record, but the fact that guns and drugs are altogether, too.  And that is the distinguishing characteristic for your client from what we'll call an ordinary crack dealer.  Firearms and drugs lead to a lot of killings, even in this city." (J.A. at 99).  At the end of the sentencing hearing, the court noted that "considering [Gardner's] background, the nature of this offense, the fact that drugs and guns are linked together, it's a very serious offense.  And, in my judgment, in order to provide adequate deterrence and to protect the public from further crimes of this particular defendant, a sentence within the guideline range would be appropriate." (J.A. at 102).  Hence, because "'[t]here is no requirement that the district court . . . engage in a ritualistic incantation of' the § 3553(a) factors it considers," *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005) (citation omitted) (alterations in original), or that it formally "mention[] the magic words '§ 3553(a) factors,'" *United States v. Till*, 434 F.3d 880, 887 (6th Cir. 2006), we extend Gardner's sentence the presumption of reasonableness.

In an attempt to rebut this presumption, Gardner contends that the district court neglected to respond to a mitigating factor that he raised at his sentencing hearing — namely, that the "inherent unfairness of sentences for crack cocaine [and powder cocaine]" makes a sentence outside of the Guidelines appropriate.  (Appellant's Br. at 17).  Under this Circuit's law, it is clear that "[w]here a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Richardson*, 437 F.3d at 554.  Despite Gardner's contention, the district court did consider his "crack/powder disparity" argument, in noting that the "problem is, of course, a lot of this is not driven by even the sentencing commission.  The

sentencing commission was going to sort of level off these crack guidelines, and then Congress prevented them from doing it.  So I have to take that into consideration also, I think, in determining what is fair and reasonable and trying to get at least some uniformity in the federal system." (J.A. at 98).[1]

Accordingly, because his sentence is within — indeed, at the very bottom of — the Guidelines, because the district court adequately explained and gave due consideration to § 3553(a), and because the court considered his "crack/power disparity" argument, Gardner's sentence is "presumptively reasonable."  Gardner has not proffered any reason to rebut this presumption.  We, therefore, **AFFIRM** the district court's sentence.

---

[1] As an aside, in *United States v. Caver*, 470 F.3d 220, 249 (6th Cir. 2006), this Court held that, after *Booker*, "applying the 100:1 ratio does not, *ipso facto*, make a sentence unreasonable under existing case law."