NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0526n.06

**No. 10-1561**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Jul 29, 2011***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| EUGENE POWELL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: ROGERS and McKEAGUE, Circuit Judges; DONALD,* District Judge.

DONALD, District Judge. Defendant Eugene Powell appeals the district court order revoking his supervised release and imposing a sentence of thirty-three months' imprisonment to run concurrent with his state sentence, without an additional term of supervised release. Powell pled guilty to two violations of his terms of supervised release. Powell challenges the sentence as procedurally unreasonable on the grounds that the district court treated the Sentencing Guidelines ("Guidelines") as mandatory and neglected to consider the sentencing factors set forth under 18 U.S.C. § 3553(a).

We AFFIRM the sentence for the reasons described below.

**BACKGROUND**

---

*The Honorable Bernice B. Donald, United States District Judge for the Western District of Tennessee, sitting by designation.

Powell pled guilty to conspiracy to distribute and possess with intent to distribute a controlled substance. On April 30, 1999, he was sentenced to 108 months of imprisonment, followed by six years of supervised release. Powell began his supervised release on August 31, 2006. On March 16, 2010, a petition for warrant for offender under supervision was filed in the district court. At the supervised release violation hearing on April 15, 2010, Powell admitted and pled guilty to two violations of his supervised release: 1) conviction of a controlled substance offense under state law during the term of supervised release; and 2) failure to notify his probation officer of the arrest within 72 hours.

Powell argued that the Guidelines range of 33 to 41 months was too high and that a non-custodial sentence with conditions of home confinement or electric tether would be sufficient to meet the sentencing objectives of 18 U.S.C. § 3553(a). Counsel made several points in support of this argument: that Powell had already been charged and sentenced to probation in state court for the conduct that also served as the basis for his supervised release violation petition; that there was a discrepancy as to the quantity of heroin seized from Powell's home; and that imprisoning Powell would be a significant hardship on his family due to Powell's role as primary care-giver to his mother. The district court imposed a 33 month sentence.

The judgment was filed on April 22, 2010. Powell timely appealed.

### ANALYSIS

This Court reviews a sentence for both procedural and substantive reasonableness "under a deferential abuse of discretion standard." *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

Pursuant to 18 U.S.C. § 3583(g)(1), the district court "shall revoke the term of supervised release and require the defendant to serve a term of imprisonment . . . if the defendant possesses a controlled substance in violation of the condition set forth in subsection (d) . . . ." Powell admitted to violating conditions of his supervised release, one of which was being convicted in state court for possession of a controlled substance. Therefore, the only question on appeal is whether the sentence imposed is reasonable.

A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Powell challenges the procedural reasonableness of the sentence on two grounds: 1) the district court treated the Guidelines as mandatory, and 2) the district court neglected to consider the § 3553(a) factors. Powell does not raise any substantive reasonableness arguments.

The district court properly calculated the Guideline range as 33 to 41 months. Neither party disputes that the Guideline range was calculated correctly.

In support of his argument that the district court treated the Guidelines as mandatory, Powell relies on the court's review of his file with his probation officer only as it related to the Sentencing Guideline Manual and the court's statement that it had "little, if any, discretion and very little wiggle room." After review of the record, the district court's comment of having little discretion clearly referred to the revocation of Powell's supervised release and not to the imposition of his sentence. The district court judge stated that ". . . the Court is directed to revoke supervised release. The word,

shall, appears, and that, as I understand it, leaves the Court with little, if any, discretion." Tr. at 16. The district court correctly stated that it was directed to revoke supervised release in a case such as this one. Further, the court's statement that it had "very little wiggle room," clearly referred to the district court's position on Powell's "career of violating the law," as the district court judge's statement was, "It seems that I have very little wiggle room, noting, Mr. Powell, that beginning at the age of 17 you began a career of violating the law." Tr. at 16. None of Powell's citations to the record and nothing in the record shows that the district court treated the Guidelines as mandatory. Section 3553(a) requires a district court to consider the following factors when imposing a sentence: 1) the nature and circumstances of the offense and the history and characteristics of defendant; 2) the need for the sentence imposed; 3) the kinds of sentences available; 4) the sentencing guidelines; 5) any pertinent policy statement issued by the Sentencing Commission; 6) the need to avoid unwarranted sentencing disparities; and 7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a) (2000). When reviewing a district court's consideration of the § 3553(a) factors, we have never required "the 'ritual incantation' of the factors to affirm a sentence." *United States v. Cage*, 458 F.3d 537, 543 (6th Cir. 2006).

The record shows that the district court considered the § 3553(a) factors. The district court stated that it had reviewed the Guidelines and had determined that a custodial sentence was warranted. The district court gave a detailed list of Powell's extensive criminal history including an incident in 2007, while Powell was on supervised release, where Powell was caught attempting to obtain a driver's license under an alias. The court also noted that possession of a controlled substance was a "substantial" violation. The court inquired about Powell's employment and noted

that Powell received an 80-month reduction on his original sentence, yet Powell was before the court again with a similar charge. Further, the court imposed the 33 month sentence recognizing that Powell's mother relies on him for care, and also questioning Powell as to why he would continue to jeopardize the health and welfare of his mother by involving himself in illegal activity. The district court clearly considered Powell's sentencing arguments, and the § 3553(a) factors, such as the nature and circumstances of the offense and the history and characteristics of Powell, the need for the sentence imposed, the kind of sentences available, and the sentence range recommended by the Guidelines. For these reasons, we conclude that Powell's sentence is procedurally reasonable.

The district court's judgment is affirmed.