some relevant facts, we agree with the district court's application of law to fact and conclude that its refusal to enhance Rapanos's sentence for obstruction of justice was not an error.

## III.

We therefore REMAND for resentencing with the following specific instructions: the sentence calculation found at pages 19-20 of the district court's April 13, 1998, memorandum and order is correct except for the two-level reduction for acceptance of responsibility. The two one-level decreases granted orally that do not appear in the sentencing memorandum were error and should not be included in Rapanos's sentence on remand. We therefore affirm a total offense level of 12. We also AFFIRM Rapanos's conviction and AFFIRM the district court's denial of his 1999 motion for new trial.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0414P (6th Cir.)
File Name: 00a0414p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
     *Plaintiff-Appellee/*
*Cross-Appellant (99-1074),*

          *v.*

JOHN A. RAPANOS,
     *Defendant-Appellant*
     *(98-2424; 99-1578)/*
     *Cross-Appellee.*

Nos. 98-2424;
99-1074/1578

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 93-20023—Lawrence P. Zatkoff, Chief District Judge.

Argued: October 24, 2000

Decided and Filed: December 15, 2000

Before: MARTIN, Chief Judge; NORRIS, Circuit Judge;
FORESTER, District Judge.[*]

——————————————

[*] The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

_____

## COUNSEL

_____

**ARGUED:**    Thomas V. Wilhelm, Bloomfield Hills, Michigan, for Appellant.  Jennifer J. Peregord, UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:**    Thomas V. Wilhelm, Bloomfield Hills, Michigan, for Appellant.  Jennifer J. Peregord, UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Chief Judge.  John A. Rapanos appeals the district court's denial of his 1999 motion for new trial as well as his 1995 conviction for filling wetlands in violation of 33 U.S.C. § 1311(a).  The United States cross-appeals Rapanos's sentence of three years' probation and a $185,100 fine and assessment.  For the following reasons, we AFFIRM the denial of Rapanos's 1999 motion for new trial, AFFIRM his conviction, and REMAND with specific instructions for resentencing.

### I.

The facts of this case were set forth in detail by this Court in *United States v. Rapanos*, 115 F.3d 367 (6th Cir. 1997), and need not be restated here.  On appeal, Rapanos challenges his conviction, claiming errors in the jury instructions, prosecutorial misconduct, and insufficiency of the evidence. Rapanos also appeals the district court's denial of his 1999 motion for new trial.  We have reviewed each of these claims and find that the district court did not err.

desist orders from both the Michigan Department of Natural Resources and the Environmental Protection Agency, never completed a permit application, and refused to provide requested financial information to the probation officer conducting the presentence report.

Furthermore, Application Note 1 of the Commentary to § 3E1.1 (1994) lists eight appropriate considerations for determining whether a defendant qualifies for an acceptance of responsibility decrease.  Rapanos has met none of these eight factors.  Simply because Rapanos put the government to its burden of proof on the applicability of the statute to his conduct rather than on the facts themselves does not mean he automatically receives an acceptance of responsibility reduction.  "To qualify for this reduction, the defendant bears the burden of showing by a preponderance of the evidence that he . . . has accepted responsibility for the crime committed."  *Williams*, 940 F.2d at 181.  Rapanos cites no examples of his acceptance of responsibility, and neither does the district court.  Because of the lack of proof that Rapanos "clearly demonstrate[d] acceptance of responsibility," the district court's grant of an acceptance of responsibility sentence reduction constituted clear error.

### C.

On cross-appeal, the government argues that Rapanos should have received a two-level enhancement for obstruction of justice under § 3C1.1 of the guidelines.  Our standard for reviewing a district court's application of § 3C1.1 is set forth in *United States v. McDonald*, 165 F.3d 1032 (6th Cir. 1999). We apply the following three-step review: 1) we review a district court's findings of fact under a clearly erroneous standard; 2) because it is a mixed question of law and fact, we review de novo a district court's determination of whether the facts constitute an obstruction of justice; and 3) if obstruction of justice is found, the enhancement must be applied.  *Id*. at 1034.  We have reviewed the district court's findings of fact and find no clear error.  Because the record was unclear on

II.

The government appeals Rapanos's sentence on three grounds: 1) that the district court improperly granted Rapanos two one-level downward departures; 2) that the district court improperly granted Rapanos a two-level decrease for acceptance of responsibility; and 3) that the district court erred in not enhancing Rapanos's sentence for obstruction of justice. We conclude that the district court erred in granting Rapanos two one-level downward departures and a two-level decrease for acceptance of responsibility. The district court did not err in not enhancing Rapanos's sentence for obstruction of justice.

A.

The district court granted Rapanos a two-level downward departure under § 2Q1.3(b)(1)(A) of the U.S. Sentencing Guidelines Manual (1994), which addresses "an ongoing, continuous, or repetitive discharge, release, or emission of a pollutant into the environment." The district court also granted a two-level downward departure under § 2Q1.3(b)(4), which involves discharges "without a permit or in violation of a permit." The district court went beyond these two two-level downward departures and added a separate one-level downward departure under each provision, reasoning,

> [T]hese guidelines are geared toward the discharge of harmful pollutants that result in actual contamination. In this case, the pollutant, in quotes, was sand that was moved from one end of a piece of property owned by the defendant to another end of the property owned by the defendant. It was not any toxic discharge, there were no pesticides, no nuclear material, no sewage, no paint, lead or other harmful things, just sand and soil that was already on this private property.

---

departure from the guidelines, states, "[D]issatisfaction with the available sentencing range or a preference for a different sentence than that authorized by the guidelines is not an appropriate basis for a sentence outside the applicable guideline range." While we affirm the two two-level downward departures under Application Notes 4 and 7, the district court's grant of two additional one-level downward departures in this case was an abuse of discretion.

B.

The district court also granted Rapanos a two-level acceptance of responsibility decrease pursuant to an exception to § 3E1.1 found in Application Note 2 of the Commentary: "In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt." The district court justified its decrease in its sentencing memo: "Although the Defendant put the Government to its burden of proof at trial, it was not because he denied the factual element of his guilt, i.e. altering the land, but, rather, he challenged whether the land qualifies as wetlands, i.e. the applicability of the statute to his conduct." A district court's determination of whether a defendant has accepted responsibility is a factual matter, and we will not disturb it unless it is clearly erroneous. *United States v. Williams*, 940 F.2d 176, 181 (6th Cir. 1991).

While Rapanos did primarily challenge the applicability of the statute to his conduct, Application Note 2 goes on to state, "In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." Rapanos's statements and conduct before trial certainly did not "clearly demonstrate[] acceptance of responsibility." For example, Rapanos fired a consultant after the consultant found nearly fifty acres of wetlands on the property, ignored cease and

In addition, the Court finds that there was little harm or risk. It's not like you're filling a flowing river or stream with contaminants or poison.

We review a district court's decision to depart from the Sentencing Guidelines for an abuse of discretion. *See Koon v. United States*, 518 U.S. 81, 91 (1996). According to 18 U.S.C. § 3553(b) (2000), a sentencing court should impose a sentence prescribed by the guidelines "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." A district court abuses its discretion when it takes into account a factor already considered by the Commission in the guidelines. *See Koon*, 518 U.S. at 111. If a factor is not mentioned in the guidelines, the district court should consider "whether it is sufficient to take the case out of the guideline's heartland." *Id.* at 96. The Commission has stated that "such cases will be highly infrequent." U.S. Sentencing Guidelines Manual ch. 1, pt. A, p. 6 (1994).

In the present case, the factors relied upon by the district court in its downward departures were adequately considered by the Commission in the guidelines. The guidelines provide for different types of pollutants by considering them under two different sections; Section 2Q1.2 deals with hazardous or toxic substances and pesticides and provides a higher base offense level than does § 2Q1.3, which addresses "other environmental pollutants" and under which Rapanos was sentenced. Both of the district court's two-level downward departures also considered the nature of the pollutant and the risk involved. The district court granted a two-level downward departure under Application Note 4, which provides for a two-level departure in either direction "[d]epending upon the harm resulting from the . . . discharge, the quantity and nature of the substance or pollutant, the duration of the offense and the risk associated with the violation." The district court's second two-level downward

departure came from Application Note 7, which also grants a two-level departure in either direction "[d]epending upon the nature and quantity of the substance involved and the risk associated with the offense." The district court's stated concerns about the type of pollutant and the risk involved were thus considered in three different provisions of the guidelines, all of which the district court applied before granting the additional downward departures.

The district court provided no indication of any factors that would carry this case outside the "heartland" of environmental crimes not involving toxics, hazardous wastes, or pesticides. In fact, the district court's downward departure seemed based primarily on a fundamental disagreement with the sentencing guidelines pertaining to environmental criminals, as the district court made clear in announcing its final decision that Rapanos would receive no jail time:

I don't know if it's just a coincidence that the case that I just sentenced prior to this case has come into this court, that was the case of Mr. Gonzalez, who was a person selling dope on the streets of the United States. He is an illegal person here. He's a citizen of Cuba, not an American citizen. He has a prior criminal record. . . .

So here we have a person who comes to the United States and commits crimes of selling dope and the government asks me to put him in prison for ten months. And then we have an American citizen who buys land, pays for it with his own money, and he moves some sand from one end to the other and government wants me to give him sixty-three months in prison. Now, if that isn't our system gone crazy, I don't know what is. And I am not going to do it.

A fundamental disagreement with the law and an inappropriate comparison to a wholly unrelated case are not permissible factors to consider in granting downward departures not provided for by the guidelines. The Commentary to § 5K2.0, which addresses grounds for