NOT FOR PUBLICATION
File Name: 07a0080n.06
Filed: January 31, 2007

NO. 06-5003

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

REMECO PENNINGTON,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

_____/

Before: SUHRHEINRICH, SUTTON and McKEAGUE; Circuit Judges.

**SUHRHEINRICH, J.,** Defendant-Appellant Remeco Pennington ("Defendant") appeals from the order of judgment and sentence on various related charges of armed robbery after both a guilty plea and a jury trial. We **AFFIRM**.

## I. Background

On July 29, 2003, Defendant and several accomplices entered the Trust One Bank at 1760 International Place in Memphis, Tennessee, and robbed it of over $40,000. During the robbery, Defendant and the other robbers burst into the bank, pointing pistols, forcing the bank employees to lie on the floor, and threatening to kill at least one of the bank employees.

On December 10, 2003, Defendant and his accomplices robbed the Kroger grocery store at 7942 Winchester in Memphis. Prior to the robbery, one of the accomplices entered Kroger acting as an advance scout. The accomplice observed that a uniformed Memphis police officer was inside

Kroger working as a security guard. After the accomplice relayed to Defendant and the others that a police officer was inside Kroger, the robbers agreed that Defendant would go in the store first and immediately shoot the police officer, with the other robbers following in behind. Accordingly, Defendant entered the crowded Kroger store first and immediately shot and seriously wounded the police officer. After shooting the police officer, Defendant took the officer's weapon from the officer's fallen body as the other robbers rushed in and accomplished the robbery.

On December 18, 2003, a federal grand jury in the Western District of Tennessee returned an indictment charging Defendant with various violations of robbery and gun offenses. On April 20, 2004, the grand jury returned a superseding indictment charging Defendant with: Conspiracy to Commit Bank Robbery and Robbery in violation of 18 U.S.C. § 371 (Count 1); Interference with Commerce by Threats or Violence - Robbery, Aiding and Abetting, in violation of 18 U.S.C.§ 1951 (Count 2); Use and Carry of a Firearm (Discharge) During and In Relation to a Crime of Violence "Specifically Robbery Affecting Commerce," Aiding and Abetting, in violation of 18 U.S.C. § 924(c) (Count 3); Theft of a Firearm, in violation of 18 U.S.C. § 924(1) (Count 4); Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) (Count 5); Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g) (Count 6); Receipt and Possession of a Stolen Vehicle, in violation of 18 U.S.C. § 2313 (Count 7); Armed Bank Robbery, Aiding and Abetting, in violation of 18 U.S.C. § 2113(a) and (d) (Count 8); and, Use/Carry of a Firearm (Brandishing) During and in Relation to a Crime of Violence "Specifically Bank Robbery,"in violation of 18 U.S.C. § 924(c) (Count 9). Counts 1 through 7 are related to the Kroger robbery. Counts 8 and 9 are related to the Trust One Bank robbery.

On February 10, 2005, Defendant pleaded guilty to Counts 1 through 7 of the superseding

2

indictment in the United States District Court for the Western District of Tennessee, Western Division ("district court"), and was subsequently convicted by a jury on Counts 8 and 9. The United States Probation Office prepared a presentence report ("PSR") utilizing the 2003 edition of the Federal Sentencing Guidelines Manual. The PSR assigned Defendant with an offense level of 35, which included a two-point enhancement for a stolen firearm under U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(b)(4) (2003). The PSR also categorized Defendant as a career offender pursuant to § 4B1.1(c)(2)(A), calculated Kroger's restitution to be $181,914.29, and did not give Defendant an adjustment for acceptance of responsibility pursuant to § 3E1.1. Count 3 carried a mandatory statutory sentence of no less than 10 years consecutive to any other term of imprisonment, and Count 9 a mandatory statutory sentence of no less than 25 years consecutive to any other term of imprisonment.

Defendant filed his objections to the PSR on December 2, 2005, wherein he requested strict proof of loss for calculating restitution, challenged the two-point enhancement under U.S.S.G. § 2K2.1(b)(4) (2003), and argued that his three prior drug convictions were not serious enough to qualify him as a career offender. Furthermore, Defendant objected to the denial of credit for his acceptance of responsibility. Defendant also acknowledged that the mandatory statutory consecutive penalties in his case were no less than 35 years, and argued that any sentence over 35 years would amount to a life sentence.

The district court held an evidentiary hearing on December 8, 2005. John Johnson, Chief Investigator for the Kroger grocery store, offered evidence as to the amount of loss. Johnson testified that $4,085 was taken from Kroger. He also testified that the additional loss was the medical expenses of the off-duty police officer totaling $27,122.57, medical expenses paid by Kroger totaling

3

$76,252.84, and the handling of insurance claims by a third party totaling $3,105.88. This amount of additional loss totaled $106,497.29. The district court found the testimony regarding the amounts and calculations to be reliable and ordered restitution for the $4,085 and the additional losses of $106,497.29. Combined with the $78,096.50 restitution to Trust One Bank, the total restitution ordered for the two robberies was $188,678.79.

As to the remaining objections, the district court concluded the "mere possession" of a stolen firearm would be sufficient for the two-point enhancement under U.S.S.G. § 2K2.1(b)(4) (2003). The district court also noted that Defendant's prior drug convictions qualified him for career offender status. As mitigating circumstances, the district court considered Defendant's age after serving an extremely long period of incarceration; his expression of some remorse; and his limited acceptance of responsibility by virtue of his guilty plea to Counts 1 through 7. The district court adopted the Sentencing Guideline calculations in the Presentence Report as its conclusions of law. Thus, the district court adopted a total offense level of 35, a criminal history category of VI, and career offender status, resulting in Defendant receiving a sentencing range of 712 to 785 months. On December 8, 2005, the district court sentenced Defendant to 780 months imprisonment followed by three years of supervised release and total restitution of $188,678.79. Judgment was entered on December 20, 2005, and Defendant filed a timely notice of appeal on December 19, 2005.

On appeal, Defendant contends that the sentence imposed by the district court was not "reasonable" within the meaning of *United States v. Booker*. Defendant also challenges for the first time the final restitution amount, arguing that the district court committed plain error in its restitution calculations because the restitution imposed was $16 more than the actual loss suffered.

## II. Standards of Review

4

This Court reviews the sentence imposed upon a defendant for reasonableness. *United States v. Booker*, 543 U.S. 220, 221 (2005); *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied,* 126 S. Ct. 1110 (2006). The challenge to a sentence is a question of law which is reviewed *de novo*. *United States v. Copeland*, 321 F.3d 582, 601 (6th Cir. 2003). "[A] sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Webb*, 403 F.3d at 383 (citing *Booker*, 543 U.S. at 245-46). "[S]entences properly calculated under the Guidelines [are credited] with a rebuttable presumption of reasonableness." *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). When a defendant fails to object to an order of restitution, a subsequent challenge to the order is reviewed only for plain error. *United States v. Schulte*, 264 F.3d 656, 660 (6th Cir. 2001).

### III. Analysis

### A. Reasonableness of Sentence

Defendant makes two arguments attacking the reasonableness of his sentence. First, he contends that the district court's sentence was unreasonable because the district court erroneously perceived its duty under *Booker* to be that of imposing a "reasonable" sentence. Defendant cites *United States v. Foreman*, 436 F.3d 638 (6th Cir. 2006), to support his contention that the district court's job is not to impose a "reasonable" sentence, but to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2).

*Foreman* states that "a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2). Reasonableness is the

5

*appellate* standard of review in judging whether a district court has accomplished its task." *Foreman*, 436 F.3d at 644 n.1 (quoting 18 U.S.C. § 3553(a)). Defendant submits that *Foreman* eliminated the "reasonableness" test for sentencing in district court, and replaced it with the "sufficient, but not greater than necessary" standard.

This argument must be rejected. This Court has recently held that it was not error when the district court "mistakenly focused on what it believed would be a reasonable sentence within the Guidelines range." *United States v. Cage*, 458 F.3d 537, 540 (6th Cir. 2006); *see also United States v. Davis*, 458 F.3d 505, 509-10 (6th Cir. 2006) (holding that district court's application of reasonableness standard rather than sufficient-but-not-greater-than-necessary standard at sentencing did not necessarily imply a reversible sentencing error). In both *Cage* and *Davis*, the district courts remarked that the sentences recommended, and imposed, under the Guidelines were "reasonable" sentences. *Cage*, 458 F.3d at 539-40; *Davis*, 458 F.3d at 508. *Cage* emphasized that:

> [T]he district court's recognition of the standard that this court will apply on appellate review is not coterminous with the district court's exercise of independent judgment in determining a sentence. We decline to conclude that by using the term "reasonable" or by acknowledging that the appellate court will apply a rebuttable presumption of reasonableness to a sentence, the district court is itself applying that presumption.

*Cage*, 458 F.3d at 541. "[N]othing in *Foreman* should be construed to suggest that a sentencing court errs by recognizing that this Circuit will accord a presumption of reasonableness to a sentence within the recommended Guidelines range." *Cage*, 458 F.3d at 541.

Contrary to Defendant's argument, *Foreman* did not change the sentencing standard. While the appellate standard of review for a sentence is "reasonableness," the district court does not commit error by using the term "reasonableness" at sentencing, or by attempting to fashion a "reasonable"

6

sentence.  A district court is capable of fashioning a "reasonable" sentence that is also "sufficient, but not greater than necessary."  The exact language used by the district court is not the focus of our inquiry.  "[M]isstatements of the district court's sentencing task do not necessarily imply a reversible sentencing error."  *Davis*, 458 F.3d 505, 510 (6th Cir. 2006).  We review the district court's sentence for "reasonableness," and look to the district court's consideration of the applicable advisory Sentencing Guideline range together with the statutory factors set out in 18 U.S.C. § 3553(a).[1] *United States v. Richardson*, 437 F.3d 550, 553-54 (6th Cir. 2006).  The transcript of the sentencing hearing shows the district court "properly calculated the guideline range, explicitly considered the other relevant sentencing factors, and articulated in an exemplary manner its reasoning in determining the sentence and rejecting the defendant's plea for further leniency."  *United States v. Morris*, 448 F.3d 929, 932 (6th Cir. 2006).

The sentencing transcript shows that the district court considered the § 3553(a) factors.  Regarding (a)(1), the court stated that Defendant's case was "extremely serious," and noting that it

---

[1]Section 3553(a) provides that the sentencing court should consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (2000).

was "[m]iraculous that someone wasn't killed." The court also described Defendant's offenses as "extremely serious and the need to promote respect for law is therefore an especially significant consideration. So is the need to afford deterrence to others. It needs to be clear that one who commits such crimes receives a significant sentence." *See* 18 U.S.C. § 3553(a)(2)(A)-(B). The court took into account (a)(2)(C), acknowledging that "protecting the public from further crimes of this defendant is only one of the many factors the Court needs to consider under 3553." Further, the court recommended Defendant for a 500 hour drug treatment program while incarcerated, complying with (a)(2)(D).

The district court also noted that it was not bound by the Sentencing Guidelines, but declared that the sentencing range calculated via the Sentencing Guidelines was "certainly a significant factor," and concluding that "a sentence near the top of the Guidelines is appropriate . . . I wouldn't go to the absolute maximum in this case because I do think the defendant deserves some credit for his guilty plea." *See* 18 U.S.C. § 3553(a)(3)-(4). The court covered (a)(6), stating that, "it is not in every case that the Guidelines help one to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. In this case, I believe the Guidelines are extremely helpful in avoiding unwarranted sentencing disparities." Finally, the court addressed (a)(7), saying, "[a]s to restitution, it is clear to me that if the defendant were one who might become gainfully employed, he might begin to make some form of restitution. But I think restitution is a secondary factor . . . in imposing sentence in this matter."

Thus, although the district court may have stated at the onset that "[t]he test of a sentence in these matters is reasonableness as defined by 18 United States Code, Section 3553," subsequent discussion of the § 3553(a) factors demonstrates that the district court did commit error.

Second, Defendant asserts the sixty-five year sentence imposed on him was unreasonably long and greater than necessary to accomplish the goals of sentencing. The district court specifically considered this claim and properly rejected it, citing the seriousness of Defendant's crimes and substantial criminal history.[2] A sentence that falls within the advisory Sentencing Guideline range is given "a rebuttable presumption of reasonableness." *Williams*, 436 F.3d 706, 708 (6th Cir. 2006). The district court accurately calculated Defendant's total offense level and criminal history category, and the sentence imposed was within both the statutory and Guideline provisions. As such, the district court's sentence was not unreasonable.

### B. Restitution Calculation

Defendant argues the district court committed plain error in calculating the total loss suffered by Kroger. Defendant submits Johnson's addition was wrong, and the error resulted in an additional $16 being awarded to Kroger, and requests the restitution amount ordered by the district court be corrected and reduced from $188,678.79 to $188,462.79. Defendant cites *United States v. Vaknin*, 112 F.3d 579, 592 (1st Cir. 1997), to support his contention that an alleged mathematical error committed by the district court should be corrected. The Government submits the district court properly computed the amount of restitution, but even if there was an error, Defendant does not show that the $16 error amounts to plain error.

Defendant failed to object to the calculation in the district court, so we review for plain error. Defendant's argument is utterly without merit. Even if the district court's restitution calculation was wrong, by Defendant's admission, it is only off by $16. Such a de minimis amount cannot possibly

---

[2]At sentencing, the district court noted that Defendant's criminal history began at the age of 14 and continued through his arrest. It involved numerous drug offenses, and violent crime, including sexual assault. It also includes aggravated robbery, in which a handgun was used.

be said to affect Defendant's substantial rights and therefore rise to the level of plain error. The alleged error is de minimis, and the $16 in additional restitution did not affect Defendant's substantial rights, nor did the district court's restitution calculation seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997)) (holding that plain error must affect the defendant's substantial rights and adversely affect the integrity of the judicial proceedings).

## IV. Conclusion

For the foregoing reasons the judgment of the district court is **AFFIRMED**.