NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0136n.06
Filed: February 20, 2007

No. 05-2224

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

|                                   |                                                      |
|-----------------------------------|------------------------------------------------------|
| Plaintiff-Appellee,               | On Appeal from the United States                     |
|                                   | District Court for the Western                       |
| v.                                | District of Michigan, Southern                       |
|                                   | Division                                             |
| DERRICK LAMONT GASKIN,            |                                                      |
|                                   |                                                      |
| Defendant-Appellant.              |                                                      |
| _____/ |                                                      |

BEFORE: BOGGS, Chief Judge; COLE, Circuit Judge; ROSEN, District Judge.[*]

ROSEN, District Judge.

## I. INTRODUCTION

Defendant-Appellant Derrick Gaskin pled guilty on July 20, 2004 in the United

States District Court for the Western District of Michigan to charges of possession of

cocaine with intent to deliver, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and

being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). The

District Court issued a guideline sentence of 188 months' imprisonment on the drug

_____

[*] The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of
Michigan, sitting by designation.

1

charge and 120 months on the felon-in-possession charge, to be served concurrently. However, pursuant to this Court's *en banc* order in *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004), the court also announced an alternate sentence of 120 months on each count, to be served concurrently, in the event that the Supreme Court invalidated the United States Sentencing Guidelines.[1]  Gaskin appealed his sentence.

While Gaskin's first appeal was pending, the Supreme Court decided *Booker*.  The parties thereafter stipulated to a vacation of Gaskin's sentence and we remanded the case to the District Court for re-sentencing in accordance with the Supreme Court's decision.

On August 31, 2005, the District Court re-sentenced Gaskin and imposed concurrent terms of 144 months imprisonment on the drug charge and 120 months on the gun charge.  Defendant Gaskin now appeals this sentence, arguing that the 144-month sentence imposed by the District Court is procedurally and substantively unreasonable under *Booker*.  For the reasons stated below, we AFFIRM the District Court's judgment.

## II.  FACTUAL BACKGROUND

---

[1]  The *en banc* decision in *Koch* was issued in the interregnum between *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005).  In our *en banc* ruling in *Koch*, we declined the appellant's invitation to invalidate the United States Sentencing Guidelines.  But, being aware that that issue was then pending before the Supreme Court in *Booker*, we ordered "[i]n the interest of judicial economy, and pending a definitive ruling by the Supreme Court . . .that the district courts within this circuit"continue sentencing in accordance with the Sentencing Guidelines, but "also announce at the time of sentencing a sentence pursuant to 18 U.S.C. § 3553(a), treating the Guidelines as advisory only." *United States v. Koch,*193 F.App'x 391, 2004 WL 1870438, at *1 (6th Cir. 2004), *formal opinion following at* 383 F.3d 436 (*en banc*), *vacated by* 544 U.S. 995, 125 S. Ct. 1944 (2005).

2

Defendant Derrick Gaskin was arrested by police officers in Grand Rapids, Michigan on April 15, 2003. On that date, police officers who were on bicycle patrol in Grand Rapids observed Gaskin sitting alone in a car playing music loud enough to be heard 150 feet away. One of the officers approached the driver's side of the vehicle where Gaskin was seated. While dismounting and parking his bicycle, the officer observed the Defendant reach under the seat. As the officer approached, Gaskin began to exit the vehicle, and the officer observed a small plastic bag on the floor near the driver's seat while the door was open. The plastic bag appeared to contain marijuana. An assisting officer also observed the plastic bag and asked Gaskin if he had placed the marijuana on the floor. Gaskin responded affirmatively. He was immediately placed under arrest.

The officers then asked Gaskin whether he possessed any other contraband and he replied that he did. A search of Gaskin revealed a Smith & Wesson model-469 semiautomatic pistol in his waistband, two clear plastic bags containing approximately 30 rocks of crack cocaine (cocaine base) in his left front pants pocket, three plastic sandwich bags filled with marijuana in his right front pants pocket, and $945.00 in his back left pants pocket. Gaskin also had a cellular phone and a pocket knife on him.

Officers thereafter conducted a search of Gaskin's car. In the trunk, they discovered a large plastic bag containing a flashlight, a black ski mask, a wrist rocket slingshot, and a package of steel ball slingshot ammunition. The trunk also contained a

3

hand-held police scanner with headphones.

A LEIN records check was conducted during the vehicle search which showed that Gaskin was the subject of two outstanding warrants for failure to pay child support and for failure to pay fines for driving on a suspended license. The records check further revealed that the gun in Gaskin's possession had been reported stolen.

Gaskin was issued a ticket for loud music and was lodged at the Kent County Correctional Facility for Carrying a Concealed Weapon, Possession with Intent to Deliver Cocaine, Possession with Intent to Deliver Marijuana, and two outstanding warrants.

The drugs found in Gaskin's possession were tested and weighed. The amount of crack cocaine totaled 11.84 grams and the total weight of the marijuana was 79.63 grams. The combined amount of the two substances rendered Gaskin responsible for the equivalent of 236.8 kilograms of marijuana under the Sentencing Guidelines.

On May 3, 2003, the Grand Jury returned an indictment charging Gaskin with one count for Possession with Intent to Distribute Cocaine Base (Count I), one count for Possession of Marijuana with Intent to Distribute (Count II), and a third count for being a Felon in Possession of a Firearm (Count III). A warrant for Gaskin's arrest was issued on May 6, 2003. The warrant was executed on June 1, 2004 and Gaskin was arraigned on the indictment. Gaskin subsequently pled guilty to Counts I and III pursuant to a Rule 11 Plea Agreement on July 20, 2004.

The Pre-Sentence Investigation revealed that the 29-year-old Defendant had an extensive criminal history, including at least two prior convictions for a crime of violence or a controlled substance offense, beginning with convictions at age 15 for Possession with Intent to Deliver Cocaine, Possession of Marijuana, Attempted Breaking and Entering with Intent, Manufacture and Delivery of Controlled Substances, Resisting and Obstructing Police, several offenses for Driving on a Suspended License, Driving Without a License Plate, and giving False Information to a Police Officer. Pursuant to the Sentencing Guidelines, with Gaskin's criminal history, his sentencing range was 188 to 235 months.

On November 3, 2004 the District Court sentenced Gaskin to 188 months imprisonment on the drug charge and 120 months on the felon-in-possession charge, to be served concurrently. In addition to the 188-month sentence issued pursuant to the Sentencing Guidelines, the court issued an alternative sentence of 120 months pursuant to this Court's *en banc* directive in *United States v. Koch,*193 Fed.Appx. 391, 2004 WL 1870438, at *1, *formal opinion following at* 383 F.3d 436 (6th Cir. 2004) (*en banc*), *vacated by* 544 U.S. 995, 125 S.Ct. 1944 (2005).

In issuing its 120-month alternative sentence, the District Court reasoned that Gaskin's guideline sentence was unfairly high because of his prior convictions for crimes of violence and controlled substance offenses and his attendant classification under the guidelines as a career offender. The court noted:

I'm not diminishing the seriousness of the [prior] offenses. But we have bank robbers that use real firearms that put them in people's faces that get sentences less than this. They can rob seven banks and get sentences less than this . . . . I'm remembering that case of that grandmother. . . [a] 70-month sentence for . . . [t]welve robberies. . . . So these [guideline] sentences don't make sense. . . . you can have a crime of violence that is a real crime of violence as distinguished from a condition that creates a crime of violence -- drug dealing, for example, or being on drugs, which would cause people to do crimes of violence. But then the crime of violence itself gets punished less than the predicate for a crime of violence.

[11/3/04 Sentencing Hrg. Tr., pp. 14-15.]

On November 8, 2004, Gaskin filed a timely notice of appeal. However, following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the parties stipulated to remanding the case to the District Court for re-sentencing in accordance with the Supreme Court's decision.

On August 31, 2005, the District Court re-sentenced Gaskin. At the re-sentencing hearing, defense counsel argued that Gaskin should be given the 120-month alternate sentence previously pronounced by the court. The District Court rejected Defendant's argument and explained that the rationale behind the 120-month alternative sentence it pronounced prior to *Booker* was the court's disagreement with the guideline scoring of career offenders. The court noted, however, that under *Booker* and subsequent Sixth Circuit decisions, in particular, *United States v. Jackson*, 408 F.3d 301 (6th cir. 2005),

I have to give a rational basis for any departure from the guideline range, . . . but simply because you don't agree with the guidelines doesn't mean that's a rational basis for sentencing off of the guideline range. * * * But that's what I. . . was relying on the last time when I mentioned the 120 [months].

6

[8/31/05 Resentencing Hearing Tr., pp. 3-4, 19.]

Therefore, the District Court declared that the 120-month alternate sentence it had pronounced prior to *Booker* was "off the table" and proceeded to sentence Gaskin to 144 months on the drug offense and 120 months, concurrent, on the gun offense. The court explained its rationale for its 44-month variance from the 188-month Guideline sentence:

> Considering the circumstances of the offense and the history and characteristics of the defendant, we all know that he's convicted of two counts: possession with intent to distribute cocaine base and felon in possession of a firearm. And these are very serous offenses.

> His criminal history is possession of marijuana in 1992 at the age of 17. No operating license, it looks like at the age of 17. Attempted breaking and entering dwelling with intent, but he had two points, that's in 1994. Controlled substances delivery less than 50 grams; small rocks of cocaine in-between his buttocks; nine rocks; three criminal history points; trespassing; resisting and obstructing; resisting and obstructing; driving while license suspended; false information to police officer; driving while license suspended; driving while license suspended.

> But the other characteristic that he had and which I do accept, and I think it was established before and is established now; and that is, I do believe that there was a period of time when he was trying to make it. And that period of time came to an end when he committed the offense for which he has been convicted here. It was a terrible thing to do. There is no doubt about it. But it's not a situation where a person went into drug-dealing immediately after having been released from drug-dealing before.

> Having said that, on the other hand, someone driving around like he was with materials that are described in paragraphs 12 and 13 of the presentence investigation report [semiautomatic pistol, crack cocaine, marijuana, ski mask, wrist rocket slingshot, steel ball slingshot ammunition, pocket knife] is a very scary thing. Taking into account the need for adequate deterrence and, I would also say, taking into account apparently a different attitude he has about life and himself, and taking into account the age of the offenses for which he got into the criminal history category, I am

7

going to depart downward from the sentencing guidelines, but not as much as I initially indicated.

\* \* \*

His current sentence is 188 months. . . . The new sentence will be 144 months -- 120 months on the gun count, 144 months on the drug count, to run concurrently. . . .

That's a substantial sentence, but it's also a substantial amount of time off your current sentence Mr. Gaskin. . . . But I think that's a reasonable sentence under the circumstances of this case for the reasons I've articulated.

[8/31/05 Tr., pp. 20-23.]

On September 7, 2005, Gaskin filed a timely notice of appeal from his re-sentencing. In this appeal, Gaskin contends that the District Court should have re-sentenced him to the 120 months indicated by the court in its pre-*Booker* alternate sentence and that the court's decision to impose instead a 144-month sentence was unreasonable.

## III. <u>DISCUSSION</u>

### A. <u>STANDARD OF REVIEW</u>

As this Court has interpreted *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), criminal sentences imposed under the post-*Booker* sentencing regime must be reviewed by this Court for reasonableness. *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005); *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 1110 (2006). We review a *Booker*-related re-sentencing claim *de novo*, where

8

the defendant has preserved his objection to the sentencing calculation. *United States v. Till*, 434 F.3d 880, 885 (6th Cir. 2006).

**B.**    ***BOOKER***

In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court determined that mandatory application of the United States Sentencing Guidelines violated the Sixth Amendment. The Supreme Court, however, did not invalidate the Guidelines, but rather, declared that they were advisory and instructed district courts to consider the Guidelines along with the other factors contained in 18 U.S.C. § 3553(a).[2]

---

[2] 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed--
> >
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > >
> > > (B) to afford adequate deterrence to criminal conduct;
> > >
> > > (C) to protect the public from further crimes of the defendant; and
> > >
> > > (D) to provide the defendant with needed

*Booker*, 125 S. Ct. at 764-65; *see also United States v. Jackson, supra*, 408 F.3d at 304.

Thus, "while the Guidelines remain important, they are now just one of the numerous factors that a district court must consider when sentencing a defendant." *United States v. McBride*, 434 F.3d 470, 475 (6th Cir. 2006). *See also United States v. Jackson,* 408 F.3d at 304 ("Under this new sentencing scheme, district courts are required to consider the applicable Guidelines sentencing range when arriving at a defendant's sentence, but only as one factor of several laid out in § 3553(a).")

---

educational or vocational training, medical care,
or other correctional treatment in the most
effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for. . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . . ;

(5) any pertinent policy statement. . . issued by the Sentencing Commission. . .;

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

## C. REASONABLENESS REVIEW

As indicated, 18 U.S.C. § 3553(a) requires the trial court to impose "a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in paragraph (2) of this subsection." [Emphasis added.] In order to determine whether a district court has sentenced a criminal defendant with a sentence sufficient, but not greater than necessary, to comply with the purposes in paragraph 2 of § 3553(a), we undertake a reasonableness review. *United States v. Collington*, 461 F.3d 805, 807-08 (6th Cir. 2006); *United States v. Foreman*, 436 F.3d 638, 644 n. 1 (6th Cir. 2006). We will conclude that a sentence is unreasonable when the district judge fails to "consider" the applicable guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a). *United States v. Webb*, *supra*, 403 F.3d at 383; *United States v. Williams,* 432 F.3d 621, 622-23 (6th Cir. 2005); *see also Jackson, supra*, 408 F.3d at 305 (vacating pre-*Booker* sentence because of the lack of any indication in the record that the district court considered the applicable Guideline provisions).

We have never held, however, that the district court must incant or cite to 18 U.S.C. § 3553(a). *United States v. Till, supra*, 434 F.3d at 887; *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005) ("[T]his court has never required the 'ritual incantation' of the factors to affirm a sentence."). Nor do we require that the sentencing court consider individually each factor listed in § 3553(a) before issuing a sentence. *United States v. Williams,* 436 F.3d 706, 708-09 (6th Cir. 2006) (quoting *United States v.*

11

*Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005) ("[T]he sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence. Moreover, we do not demand that the district court recite any magic words to show that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider."); *see also United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) ("We now squarely hold that nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.").

What the district court must do is provide the appellate court with sufficient information and "some measure of reasoning" to permit a reasonableness review. *Till, supra*, 434 F.3d at 887. *See also United States v. Jackson, supra*, 408 F.3d at 305 ("[P]ursuant to *Booker*, we as an appellate court must still have the articulation of the reasons the district court reached the sentence ultimately imposed.") In *United States v. McBride, supra*, we clarified that the record must "affirmatively demonstrate" the court's consideration of the 3553(a) factors, and noted that "[t]o the extent that the court hides its reasoning or requires us to ponder and speculate, the more likely we are to find procedural unreasonableness in the court's sentencing determination." 434 F.3d at 475 n. 3.

We will apply the foregoing standards in reviewing Defendant Gaskin's sentence in this case.

Before engaging in a reasonableness review of the 144-month sentence ultimately

12

imposed upon Defendant Gaskin, we first note that the District Court was correct in observing that it would have been impermissible to re-sentence Gaskin to the 120-month alternate sentence where the court had decided upon that sentence because it disagreed with the Guidelines. *See United States v. Rapanos*, 235 F.3d 256, 260 (6th Cir. 2000), *rev'd on other grounds*, 533 U.S. 913 (2001) (noting in a pre-*Booker* sentencing that disagreement with sentencing guidelines is not a permissible basis for a downward departure). *See also United States v. Wallace*, 458 F.3d 606, 611 (7th Cir. 2006).

*Wallace* involved a post-*Booker* sentencing. There, the defendant had pled guilty to one count of wire fraud, for which the Sentencing Guidelines provided a sentencing range of 24-30 months imprisonment. 458 F.3d at 607. The district court, however, decided that the reasonable sentence for Wallace was a significantly more lenient one: three years' probation plus a $2,000 fine. *Id.* In deciding to vary downward so substantially from the advisory guideline range, the sentencing judge accepted the defendant's argument that the Guidelines overstated the gravity of his crime and rejected the advisory guideline range as "a bit much." *Id*. at 608. Although at the sentencing hearing the judge made clear that she was basing Wallace's sentence on the § 3553(a) factors, because the record also showed that "the court may have been influenced by a disagreement with the command of the guidelines," the appellate court vacated the sentence and remanded the case to the district court for re-sentencing. *Id.* at 614.

Based upon the foregoing, it is clear that the District Court in this case did not err in

13

declaring at Defendant's re-sentencing hearing that the 120-month alternative sentence was "off the table" because the reasons the judge had used to support that sentence at the original sentencing hearing were not correct. We express no opinion as to whether a 120-month sentence justified with reference to the 3553(a) factors would have been reasonable.

Turning then to the 144-month sentence imposed upon Defendant, the record in this case reveals that the District Court considered both the Sentencing Guidelines and the other § 3553(a) factors, and articulated its reasoning sufficiently to permit reasonable appellate review, specifying its reasons for imposing a sentence below the guideline range but not so low as the 68-month variance that would have resulted from the imposition of the pre-*Booker* alternate sentence. That the court did not consider or discuss individually each factor listed in § 3553(a) does not render the sentence unreasonable. *See United States v. Williams, supra*, 436 F.3d at 709, and cases cited therein. *See also United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006), *cert. denied*, ___ U.S. ___ , 127 S. Ct. 192 (2006). ("[W]e will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced."). As we recently stated in *United States v. Merrell*, No. 05-6577, 2007 WL 64237 (6th Cir., Jan. 9, 2007), "[T]his Court does not require. . . formalism. . . . Rather, this Court will review the underlying substance of a sentencing to ensure that the district court applied a reasonable sentence, considering the factors under the Guidelines." 2007 WL 64237 at * 7.

14

In re-sentencing Defendant Gaskin, the District Court expressly articulated its consideration of the nature and circumstances of the offense and the history and characteristics of the defendant. [*See* 8/31/05 Tr., pp. 20-21.] The court further considered the need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment for the offense. *Id.* ("We all know that he's convicted of two counts: possession with intent to distribute cocaine base and felon in possession of a firearm. And these are very serious offenses. . . . [And] someone driving around like he was with the materials that are described in paragraphs 12 and 13 of the presentence investigation report [semiautomatic pistol, crack cocaine, marijuana, ski mask, wrist rocket slingshot, steel ball slingshot ammunition, pocket knife] is a very scary thing."). The court's sentencing colloquy further demonstrates that the court considered the need for adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. *Id.* The sentencing transcript also reveals that the District Court took into consideration the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct [*See id.*, p. 4.] ("I have just been sentencing people with just about identical backgrounds to him to higher sentences, which I just did this afternoon.") The court also considered the fact that Defendant had, for a period of time prior to committing the crimes charged, been "trying to make it." *Id.* at 21. Finally, the court considered and discussed at length Gaskin's criminal history and sentencing range under the Guidelines. *Id.* at 21-23.

The foregoing demonstrates that the District Court was conscientious in ensuring that it imposed a sentence that was sufficient, but not greater than necessary, and reflects the court's careful consideration of the purposes of punishment expressed in § 3553(a)(2). Therefore, we hold that the 144-month sentence imposed upon Defendant Gaskin was reasonable.

## CONCLUSION

For all of the reasons stated above, we AFFIRM the District Court's Judgment.