NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0186n.06
Filed: March 9, 2007

No. 05-6849

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GREGORY T. KERRENT, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Appellant. | ) | |

Before: KENNEDY, MARTIN and SUTTON, Circuit Judges.

PER CURIAM. Gregory Kerrent pleaded guilty to two counts of being a felon in possession of a firearm, and the district court imposed an 84-month sentence. Because the sentence was reasonable, we affirm.

I.

On August 17, 2005, a grand jury indicted Kerrent with two counts of being a felon-in-possession. *See* 18 U.S.C. § 922(g)(1). Kerrent pleaded guilty to both counts.

In sentencing Kerrent, the district court used the 2004 version of the guidelines and grouped his offenses under § 3D1.2(d). The felon-in-possession guideline, U.S.S.G. § 2K2.1(a)(2), instructed the district court to start with a base level of 24. After adding 2 levels because one of the offenses

involved a stolen handgun and subtracting 3 levels because he accepted responsibility for the crimes, the district court set Kerrent's offense level at 23. The district court calculated Kerrent's criminal history, which included four controlled-substance convictions, as a category IV. Once combined, his offense level and criminal history gave him a guidelines range of 70–87 months. The district court imposed an 84-month sentence.

## II.

We review criminal sentences after *Booker* for "procedural" and "substantive" reasonableness. *United States v. Davis*, 458 F.3d 491, 495 (6th Cir. 2006). In this instance Kerrent challenges his sentence only for procedural reasonableness, which gauges whether the district court appreciated the advisory nature of the guidelines, calculated the guidelines range correctly and considered the § 3553(a) factors in exercising its independent judgment about what sentence to impose. *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006).

The district court satisfied these requirements. Kerrent does not claim that the district court failed to appreciate the advisory nature of the guidelines range, as indeed he could not on this record. *See* Sentencing Tr. at 13 (observing that "the guidelines are only advisory, the court's not required to follow them"). Kerrent conceded below, and does not argue otherwise on appeal, that the district court correctly calculated his guidelines range. *See* Sentencing Tr. at 6 (Kerrent's counsel conceding that "[w]e understand what [the guidelines range] is . . . [a]nd it's correctly calculated").

Nor has Kerrent identified any § 3553(a) factor that the district court failed to consider or failed to give appropriate weight. In point of fact, the record shows that the district court thoroughly considered the relevant §3553(a) factors. Contemplating the "nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the district court noted that Kerrent was "at the top of [his] criminal history category," Sentencing Tr. at 14, expressed concern over "the fact that [Kerrent had] three prior convictions for controlled substances," *id.*, and observed that "people with multiple drug felonies" who possess firearms pose even greater danger than, say, an "embezzler or a white-collar criminal" who possesses firearms, *id.* at 15. Considering the need "to promote respect for the law," 18 U.S.C. § 3553(a)(2)(A), and "to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B), the district court stated that it wanted to show "other felons who possess firearms" that "it's against the law, and you get punished if you do it," Sentencing Tr. at 15. Seeking "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), and "to provide the defendant with needed . . . medical care in the most effective manner," *id.* § 3553(a)(2)(D), the district court recommended that Kerrent serve his time "at an institution where [he] [could] get long-term drug treatment" to correct his "substance abuse problem," Sentencing Tr. at 17. Weighing the various "kinds of sentences available," 18 U.S.C. § 3553(a)(3), the district court concluded that a defendant "with a record as long as [Kerrent's] require[d] a sentence of imprisonment" and pointed out that "the option of probation is really not an option in this case," Sentencing Tr. at 16.

In the end, the district court considered all of the factors—save for § 3553(a)(6) (unwarranted sentencing disparities), which did not apply because Kerrent never argued that his within-guidelines sentence would create sentencing disparities, and save for § 3553(a)(7) (restitution), which did not apply to this sentence. Kerrent thus cannot show that the district court failed adequately to consider the § 3553(a) factors. *See United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005) ("Nor has [defendant] offered any explanation on appeal as to what factors listed in § 3553(a) the district court should have considered, or how these factors would have made a difference in the sentence he received.").

Even if all of this is true, Kerrent maintains that the district court committed reversible error because it misapprehended its role and thought its job was to impose a "reasonable" sentence. While we agree with the legal premise of Kerrent's argument, we do not agree with the factual premise of it or with its conclusion. "Reasonableness," it is by now well established, is the *appellate* standard of review, not the standard by which district courts impose sentences, the latter of which requires district courts to apply the § 3553(a) factors and impose a sentence "sufficient but not greater than necessary to comply with the purposes of sentencing in section 3553(a)(2)." *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) (internal quotation marks omitted).

Yet there are at least two problems with Kerrent pressing this argument here. In the first place, the factual predicate for making the argument does not exist. The district court never employed the term "reasonable" in describing the sentence it imposed. *Cf. United States v. Jackson*, 466 F.3d 537, 539 (6th Cir. 2006). To the contrary, the only mention of the term at sentencing came

- 4 -

from Kerrent's counsel. *See, e.g.*, Sentencing Tr. at 11 ("And so it's our position that Your Honor, obviously, is required to fashion a reasonable sentence . . . ."); *id.* (opining that a sentence between 46–48 months "certainly is a reasonable sentence"); *id.* (asking the district court "to consider [46–48 months] as a more reasonable sentence").

In the second place, Kerrent has not shown how any such error, even if it had occurred, would establish reversible error here. We have considered several cases in which the district court mistook its job as imposing a "reasonable" sentence rather than a sentence consistent with the parsimony provision, and as a general rule we have held such errors to be harmless. *See United States v. Gaskin*, 2007 WL 508332, at *5 (6th Cir. Feb. 20, 2007) ("We have never held, however, that the district court must incant or cite . . . 18 U.S.C. § 3553(a)."); *see, e.g.*, *United States v. Cruz*, 461 F.3d 752, 755–56 (6th Cir. 2006) (acknowledging that the district court erred when it stated that the selected sentence was reasonable, but finding such error to be harmless); *United States v. Gale*, 468 F.3d 929, 933–34 (6th Cir. 2006) (same); *United States v. Davis*, 458 F.3d 505, 509–11 (6th Cir. 2006) (same); *see also, e.g.*, *United States v. Robinson*, No. 05-6904, 2007 WL 507875, at *6–7 (6th Cir. Feb. 16, 2007) (same); *United States v. Pennington*, No. 06-5003, 2007 WL 328681, at *4 (6th Cir. Jan. 31, 2007) (same); *United States v. Merrell*, No. 05-6577, 2007 WL 64237, at *6–7 (6th Cir. Jan. 9, 2007) (same). Because Kerrent offers no explanation why we should decline to follow this path here, he must accept the ruling on this argument that we generally have made with respect to other defendants.

III.

No. 05-6849
*United States v. Kerrent*

For these reasons, we affirm.